

EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

ADMINISTRATOR
OFFICE OF
INFORMATION AND
REGULATORY AFFAIRS

August 31, 2020

M-20-31

MEMORANDUM FOR THE DEPUTY SECRETARIES OF EXECUTIVE DEPARTMENTS AND AGENCIES

FROM:   Paul J. Ray
        Administrator, Office of Information and Regulatory Affairs

SUBJECT:   Implementation of Section 6 of Executive Order 13924

On May 19, 2020, the President signed Executive Order 13924, *Executive Order on Regulatory Relief to Support Economic Recovery*. Section 8 of the Order provides that the Director of the Office of Management and Budget, in consultation with the Assistant to the President for Domestic Policy and the Assistant to the President for Economic Policy, shall issue any memoranda needed to guide implementation of the Order. Building on Director Russell T. Vought's June 9, 2020, Memorandum M-20-25, *Implementation of Executive Order 13924* and pursuant to his delegation, this memorandum is being issued to implement Section 6 of Executive Order 13924.

Section 6 of the Order directs "heads of all agencies" to "consider the principles of fairness in administrative enforcement and adjudication" enumerated in subparts (a) through (j) and to "revise their procedures and practices in light of them, consistent with applicable law and as they deem appropriate in the context of particular statutory and regulatory programs and the policy considerations identified in section 1 of this order." I request that agencies coordinate with OIRA staff to issue any needed final rules under 5 U.S.C. § 553(a)(2) and (b)(A) wherever possible, by November 26, 2020 (absent a waiver granted by the Administrator), with a request for public comment that agencies may consider in any future revisions.

To assist in implementation of section 6, OMB has compiled the below list of best practices for your consideration, insofar as consistent with your "particular statutory" authority, "regulatory programs," or other "policy considerations identified in Section 1" of the Order, as you review your existing procedures and prepare any needed revisions.

(a) The Government should bear the burden of proving an alleged violation of law; the subject of enforcement should not bear the burden of proving compliance.

- Agencies should review their procedures to ensure that members of the regulated public are not required to prove a negative to prevent liability and enforcement consequences in the absence of statutory standards requiring otherwise. This general

principle should not be applied to prevent placing the burden of proof on the potential recipients of government benefits, including in benefit termination actions.
- Agencies should consider applying the rule of lenity in administrative investigations, enforcement actions, and adjudication by reading genuine statutory or regulatory ambiguities related to administrative violations and penalties in favor of the targeted party in enforcement.

(b) Administrative enforcement should be prompt and fair.

- Agencies should seek approval of an Officer of the United States, or if necessitated by good cause, his or her designee, before entering into a tolling agreement that would have the effect of extending the statute of limitations for an infraction.
- Agency regulations should apply limiting principles to the duration of investigations; regulations should require investigating staff to either recommend or bring an enforcement action, or instead cease the investigation within a defined time period after its commencement absent a showing of unusual circumstances that is endorsed by an Officer of the United States, or if necessitated by good cause, by his or her designee.
- If a party has been informed by an agency that it is under investigation, the agency should inform the party when the investigation is closed and, when the agency has made no finding of violation, so state.
- Agencies should consider and appropriately adopt estoppel and res judicata principles to eliminate multiple enforcement actions for a single body of operative facts. Simply put, an agency should have only one bite at the apple to investigate and seek enforcement against a regulated entity for a static factual predicate that is not a continuing or expanding violation.
- Agency employees' performance metrics and compensation structures should incentivize excellence, accuracy, integrity, efficiency, and fairness in the application and execution of the law. Performance metrics should not detract from the aim of reaching fact-based, unbiased decisions with respect to all aspects of enforcement; employees should not be rewarded on any basis that incentivizes them to bring cases or seek penalties or settlements that are meritless or unwarranted.
- If they have not done so already, agencies must publish a rule of agency procedure governing civil administrative inspections. *See* Executive Order 13892 section 7.

(c) Administrative adjudicators should operate independently of enforcement staff on matters within their areas of adjudication.

- Agency adjudicators[1] should not engage in ex parte communications with, and should operate independently from, investigators and enforcement staff, as the Administrative Procedure Act requires for formal adjudications under 5 U.S.C. §§ 554(d) and 557(d). Agency line adjudicators should not engage in ex parte

---

[1] This term includes line adjudicators, administrative appellate entities, and those engaging in informal adjudications.

communications with, and should operate independently from, administrative appellate entities.  Agencies should develop reporting and disclosure structures for violations of such requirements and should establish command structures for these offices that are independent of each other.
- Agency adjudicators' performance metrics and compensation structures should incentivize fact-based, unbiased adjudication decisions.  Adjudicators should not be rewarded based on the penalties they award or in any other way that misaligns incentives.

(d) Consistent with any executive branch confidentiality interests, the Government should provide favorable relevant evidence in possession of the agency to the subject of an administrative enforcement action.

- Administrative agencies should conform their civil adjudicatory evidence disclosure practices to those described by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 154 (1972), and *Kyles v. Whitley*, 514 U.S. 419, 432–33 (1995).  Agency officials should timely disclose exculpatory evidence to the target party of enforcement using similar procedures as those laid out in the *Justice Manual* of the U.S. Department of Justice (previously known as the *U.S. Attorney's Manual*).  Likewise, agencies should automatically disclose evidence material to the mitigation of damages or penalties, consistent with *Brady*, 373 U.S. at 87.

(e) All rules of evidence and procedure should be public, clear, and effective.

- In addition to ensuring compliance with 5 U.S.C. § 556(d), agencies should adopt or amend regulations regarding evidence and adjudicatory procedure to eliminate any unfair prejudice, reduce undue delay, avoid the needless presentation of cumulative evidence, and promote efficiency.  Agencies should seek to reduce the use of hearsay evidence with limited exceptions (*Richardson v. Perales*, 402 U.S. 389 (1971)).  They should generally require the application of the framework in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine the veracity of scientific evidence.  Based on the nature of the statute administered, agencies should consider incorporating other standards under the Federal Rules of Evidence, including Rule 403.  Agencies should make their rules of evidence and procedure easily accessible on their websites.
- In furtherance of the requirement contained in 5 U.S.C. § 555(b), agencies should explicitly authorize the representation of regulated parties by legal counsel and in appropriate cases, by qualified representatives.  Agencies should also take steps to avoid disadvantaging parties who are not represented by counsel, including by writing rules of evidence and procedure in plain language.

(f) Penalties should be proportionate, transparent, and imposed in adherence to consistent standards and only as authorized by law.

- Agencies should establish policies of enforcement discretion that decline enforcement or the imposition of a penalty, as appropriate, in the course of enforcement when the agency determines that the regulated party attempted in good faith to comply with the law.
- Agencies should make the public aware of the conditions in which investigations and enforcement actions will be brought and provide the public with information on the penalties sought for common infractions.
- Agencies should adopt expiration dates and/or termination criteria for consent orders, consent decrees, and settlements that are proportionate to the violation of the law that is being remedied. Decade(s)-long settlement terms that are disproportionate to the violation(s) of law should be strongly disfavored absent a clear and convincing need for time to implement a remedy such as, e.g., infrastructure improvements or long-term remedial actions.
- Consent orders, consent decrees, and settlements should not bar private parties from disseminating information about their cases.
- If they have not already done so, agencies should establish procedures to encourage voluntary self-reporting of regulatory violations by regulated parties in exchange for reductions or waivers of civil penalties, including grace periods to cure minor violations without fear of penalty in compliance with Executive Order 13892 section 9.

(g) Administrative enforcement should be free of improper Government coercion.

- Retaliatory or punitive motives, or the desire to compel capitulation, should not form the basis for an agency's selection of targets for investigations or enforcement actions, or other investigation and enforcement decisions such as, e.g., rulings on discovery.
- To prevent the above motives from playing a role, agencies should not initiate additional investigations of a party after commencing an enforcement action against that party absent an internal showing of good cause that is reviewed by an Officer of the United States, except when the additional investigation is prompted by facts uncovered in the initial investigation.

(h) Liability should be imposed only for violations of statutes or duly issued regulations, after notice and an opportunity to respond.

- Agencies should review their procedures for adjudication to ensure that liability is imposed only after notice and an opportunity to respond.
- In any document initiating an investigation or enforcement action, an agency should include a citation to the statute and regulation asserted to be violated, and an explanation as to how the asserted conduct is prohibited by the cited statute and regulation, in addition to complying with Executive Order 13892 section 3.
- Information or materials obtained in an administrative investigation or enforcement action should only be referred to the U.S. Department of Justice or other relevant criminal investigation or enforcement authority for criminal investigation in a manner

that is consistent with the law and with best practices as established by policies, procedures, and guidelines regarding parallel investigations.

(i) Administrative enforcement should be free of unfair surprise.

- If they have not already done so, agencies should create procedures to make available pre-enforcement rulings as required by Executive Orders 13892 section 9 and 13924 section 5.
- Agencies should ensure they have rules in place that provide parties with a reasonable period of time to respond to filings or charges brought by the agency. For example, agencies should provide parties with at least as much time to respond to an agency notice of charges as parties would have to respond to filings in civil complaints brought in federal court under the Federal Rules of Civil Procedure, unless the need for urgent action to protect the public warrants otherwise.

(j) Agencies must be accountable for their administrative enforcement decisions.

- In addition to the substantive mandates of 5 U.S.C. §§ 552(a)(1), 555(c) and other Administrative Procedure Act provisions, the initiation of investigations and enforcement actions should carry the structural protection of requiring approval of an agency official who is an Officer of the United States or, if necessitated by good cause, his or her designee. Such agency official should condition approval at the investigation and enforcement stages on the agency's compliance with Executive Order 13892 sections 3 through 9 and Executive Order 13891 sections 3 and 4 as they pertain to the matter, among other factors.
- Agencies should identify, collect, and periodically make publicly available decisional quality and efficiency metrics regarding adjudications under bureaucratic, judicial, and split enforcement models (of adjudication), to include, e.g., the number of matters that have been pending with the agency over relevant time periods, the number of matters disposed by the agency annually, and data on the types of matters before and disposed of by the agency.

cc:   The Assistant to the President for Domestic Policy
      The Assistant to the President for Economic Policy
      The Director of the Office of Management and Budget