# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SUFFOLK ADMINISTRATIVE SERVICES, LLC, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:21-cv-01031-DRD ) |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

Defendants, the United States Department of Labor, the Secretary of Labor, and the United States, by and through undersigned counsel, hereby answer Plaintiffs' Complaint, ECF No. 1, as follows:

### FIRST DEFENSE

Venue is not proper in the District of Puerto Rico for Count V.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The United States has not waived its sovereign immunity to permit a jury trial over the matters subject to this action.

### FOURTH DEFENSE

Defendants answer the individually numbered paragraphs of the Amended Complaint, using the same numbering contained in the Amended Complaint, as follows:

# INTRODUCTION

1. This paragraph is denied except to admit that Plaintiffs presented a proposed business structure involving "novel" partnerships during meetings with U.S. Department of Labor (Department) officials.

2. Admitted.

3. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. Defendants aver that Alexander Renfro is the owner of Anjo, LLC.

4. Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence. The remaining sentences of this paragraph characterize the November 8, 2018 Advisory Opinion Request, and the Court is respectfully referred thereto for the terms thereof.

5. This paragraph is denied except to admit that revised versions of the November 8, 2018 Advisory Opinion Request were submitted on January 15, 2019 and February 28, 2019; and to further admit that Plaintiffs' Exhibit 2 is a true and correct copy of the February 28, 2019 revised Advisory Opinion Request (Revised Request).

6. This paragraph characterizes the Revised Request, and the Court is respectfully referred thereto for the terms thereof. To the extent this paragraph asserts facts about LP Management Service's (LPMS) intentions, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph.

7. Defendants admit that Suffolk Administrative Services, LLC (SAS) is a Puerto Rican limited liability company with principal offices located in Guaynabo, Puerto Rico, and further admit that SAS designs products for and services both the "novel Partnership Plan structure" (hereinafter, "novel partnership plans") and traditional employee benefit plans unrelated

to the partnerships. Defendants deny that the group health plans with which SAS is associated are actually self-insured. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

8. Defendants admit that Providence Insurance Company, I.I. (PIC) is a Puerto Rican international insurance company with principal offices located in San Juan, Puerto Rico, and further admit that PIC services both the "novel partnership plans" and traditional employee benefit plans unrelated to the partnerships. Defendants deny that what PIC provides is reinsurance, and further deny that the group health plans with which it is affiliated are actually self-insured, and further deny the balance of the allegations in this paragraph.

9. This paragraph is denied, except to admit that Anjo LLC (Anjo) is a Tennessee limited liability company which does not directly participate in or provide services to any of the health plans or products designed and serviced by PIC, PIP, and SAS, and to admit that Defendants have reason to believe that Anjo is a holding company that partially owns SAS and PIP, and indirectly owns PIC.

10. Defendants admit that Providence Insurance Partners, LLC (PIP) is a Tennessee limited liability company, and further admit that PIP designs products for and services both the "novel partnership plans" and traditional employee benefit plans unrelated to the partnerships. Defendants deny that what PIC provides is reinsurance, and further deny that the group health plans with which it is affiliated are actually self-insured, and further deny the balance of the allegations in this paragraph.

11. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph.

12. The first sentence is denied, except to admit that several state attorneys general submitted a letter dated February 21, 2019 to the Department (AG Letter), attached as Plaintiffs' Exhibit 3, and the Court is respectfully referred thereto for the terms thereof. The second sentence is admitted.

13. This paragraph is denied, except to admit that the Department did not respond in writing to the authors of the AG Letter, and to further admit that the contents of the AG Letter were considered in preparing the January 24, 2020 Advisory Opinion.

14. This paragraph is denied, except to admit that the January 24, 2020 Advisory Opinion was issued within one year of the Revised Request but more than one year after November 8, 2018, and to further admit that LPMS and Data Marketing Partnership LP filed suit against the Department of Labor on October 8, 2019 (*Data Marketing Partnership* case).

15. Denied.

16. This paragraph is denied, except to admit that the Department issued its Advisory Opinion responding to the Revised Request on January 24, 2020, and to further admit that Plaintiffs' Exhibit 4 is a true and correct copy of Advisory Opinion 2020-01A (Advisory Opinion).

17-18. Denied.

19. This paragraph is denied, except to admit that the parties to the *Data Marketing Partnership* case continued to litigate after the Department issued the January 24, 2020 Advisory Opinion.

20. This paragraph is denied, except to admit that the U.S. District Court for the Northern District of Texas granted the plaintiffs' motion for summary judgment; Defendants further aver that the judgment in the *Data Marketing Partnership* case is on appeal to the U.S. Court of Appeals for the Fifth Circuit, *see* Case No. 20-11179.

21. This paragraph contains Plaintiffs' characterization of this action to which no response is required, but insofar as one is deemed required, denied.

## JURISDICTION AND VENUE

22-23. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

24. The first sentence is admitted. The second sentence contains conclusions of law to which no answer is required.

25. The first sentence is admitted. The second sentence contains conclusions of law to which no answer is required.

26. The first sentence is admitted. The second sentence contains conclusions of law to which no answer is required.

27. The first sentence is admitted. The second sentence contains conclusions of law to which no answer is required.

28. The first sentence contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied; Defendants further aver they are unaware of any employee benefit plan relevant to the Department's investigation that has a principal office in Puerto Rico; and further aver that none of the subpoenas described in Defendants' response to paragraph 61, below, were issued to a plan with a principal office in Puerto Rico. The second sentence contains conclusions of law to which no answer is required. The third sentence is denied, except to admit that the Department and Secretary of Labor are sued in their official capacity.

## PARTIES

29. The first and second sentences are denied. The remaining sentences contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

30. Admitted.

31. This paragraph is denied, except to admit Eugene Scalia served as Secretary of Labor until January 20, 2021, and to further admit that Martin J. Walsh was confirmed as Secretary of Labor on March 23, 2021.

32. This paragraph contains conclusions of law to which no answer is required.

## FACTS

33. This paragraph contains Plaintiffs' characterization of this action to which no response is required, but insofar as one is deemed required, denied.

## PETITIONING THE GOVERNMENT

34-39. These paragraphs are denied, except [1] to admit that the Department's Employee Benefits Security Administration (EBSA) is responsible for, among other things, interpreting and administering the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; [2] to further admit that at some point in 2018 Alexander Renfro met with then-Assistant Secretary of Labor for EBSA, Preston Rutledge, regarding the "novel partnership plans"; and [3] to further admit that Mr. Rutledge stated that EBSA's career staff would also need to review Mr. Renfro's proposal if Mr. Renfro wanted guidance.

40. This paragraph is denied, except to admit that Plaintiffs submitted revised advisory opinion requests to the Department on January 15, 2019 and February 28, 2019.

41-42. Denied.

43. This paragraph is denied, except to admit that Plaintiffs submitted revised advisory opinion requests to the Department on January 15, 2019 and February 28, 2019.

44. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph.

45. The first sentence characterizes the AG Letter, and the Court is respectfully referred thereto for the terms thereof. The second is denied, except [1] to admit that the Department did not respond in writing to the authors of the AG Letter; [2] to further admit that the contents of the AG Letter were considered in preparing the January 24, 2020 Advisory Opinion; and [3] to further admit that the Department responded to the Revised Request on January 24, 2020.

46. This paragraph is denied, except [1] to admit that on March 6, 2019, several Department officials, including then-Chief of Staff Nicholas Geale, met with Alexander Renfro, Christopher Condeluci, Jeff Landry, and others regarding the Revised Request; [2] to further admit that Department officials questioned Alexander Renfro, Christopher Condeluci, Jeff Landry, and others about the proposed plans described in the Revised Request; [3] to further admit that no Department official made any representations about whether the proposed plans would be encompassed by ERISA; and [4] to further admit that, while Mr. Geale expressed concern about whether the issues raised in the Revised Request would implicate the Department's Association Health Plan rule, no Department official stated that the Department would not respond to the Revised Request.

47-48. Denied.

49. This paragraph is ambiguous about what alleged meeting it refers to and is therefore denied. To the extent it describes state insurance regulation, Defendants admit that state insurance regulators are not bound by the Department's views regarding ERISA coverage, and further admit that at a meeting with Plaintiffs' representatives Mr. Geale explained that regardless of the outcome of the Revised Request the states may still try to regulate.

50. This paragraph is ambiguous about what alleged meeting it refers to, and is therefore denied. To the extent it concerns the March 6, 2019 meeting referenced in Paragraph 46,

7

it is admitted that Joseph Canary, Director of the Office or Regulations and Interpretations, was in attendance.

51. Denied.

52. Defendants are without sufficient knowledge or information to form a conclusion about what "Plaintiffs believe." To the extent this paragraph makes factual allegations regarding the Department's investigation, it is denied except [1] to admit that the Department initiated its investigation of the health plans and products designed and serviced by PIC, PIP, and SAS on April 29, 2019 (Anjo Investigation); [2] to further admit that the Department initiated the Anjo Investigation after receiving several participant complaints and state referrals involving Plaintiffs and entities associated with Plaintiffs, including:

> (a) five referrals from state insurance regulators on August 16, 2018, September 21, 2018, February 8, 2019, February 14, 2019, and April 10, 2019, regarding products, plans and companies associated with Plaintiffs; where the two 2018 were sent because the state regulators were told that the health plans complained about were covered by ERISA; the February 8, 2019 referral involved a complainant who believed they purchased an individual insurance policy, but the plan documents described the plan as a self-funded ERISA plan; and the April 10, 2019 referral specifically mentioned SAS;
>
> (b) a complaint received on March 17, 2017 involving alleged misrepresentations about health benefits, where the name "Providence LLC" appeared on the complainant's temporary insurance card and the Department asked and the complainant confirmed that the insurance was not part of an employer-sponsored plan;
>
> (c) a complaint received on July 14, 2017 involving health insurance that the complainant had found online after they had lost a job, the payment required for the insurance included a membership fee to an alliance for self-employed individuals who were direct sellers, but the complainant was not a direct seller and did not seem to qualify for the alliance or the alliance's group health plan;
>
> (d) a Congressional letter dated April 19, 2019, referring an individual complaint received through constituency services regarding a medical claim denial, and the Department determined that the health plan at issue had been purchased through a company that was associated with the Plaintiffs at the time;

[3] to further admit that the Department checked the Better Business Bureau website regarding the company named in the April 19, 2019 complaint, which had been enrolling individuals into Plaintiffs' plans and collecting premiums, and found that 125 complaints had been filed about that company as of April 2019; [4] to further admit that the Anjo investigation's initial purpose was to determine whether the health plans and products designed and serviced by PIC, PIP, and SAS were covered by ERISA and, if so, whether any ERISA violations had occurred; [5] to further admit that, upon receiving the complaints and state referrals, the Department began to suspect that the complaints were possibly related to the plans described in the Revised Request; and [6] to further admit that the Department first issued subpoenas in this investigation on July 19, 2019.

53. This paragraph is denied, except to admit that the Department issued subpoenas to PIC, PIP, and SAS, and other entities that the Department had reason to believe sponsored or serviced health plans and products designed and serviced by PIC, PIP, and SAS, including for both the "novel partnership plans" and traditional employee benefit plans unrelated to the partnerships.

54-55. Denied.

56-57. Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs.

58-60. Denied.

61. This paragraph is denied, except to admit that Plaintiffs' Exhibit 5 contains true and correct copies of 13 subpoenas the Department issued in the Anjo Investigation:

    (a) on July 19, 2019, the Department issued subpoenas to two affiliated partnerships: American Partnership Group, LP, and Data Partnership Group, LP;

    (b) on October 21, 2019, the Department issued subpoenas to seven affiliated partnerships: My Home Group Data Partnership, LP, Global Data Group, LP, Elite Data Group, LP, America's Independent Workers DG, LP, America's Consumers & Affiliates LP, Agridata Partnership Group, LP, United Data Group, LP;

    (c) on October 21, 2019, the Department issued subpoenas to SAS and PIP;

(d) on December 13, 2019, the Department issued a subpoena to LPMS;

(e) on July 7, 2020, the Department issued a subpoena to PIC.

Defendants further aver that the Department issued 13 additional subpoenas, which Plaintiffs did not attach to their complaint, to entities that the Department had reason to believe sponsored or serviced employee benefit plans designed and serviced by PIP, SAS, and PIC, including:

(f) on July 19, 2019 to one general partnership, one third party claims administrator, and one company that collected premiums for Plaintiffs' plans;

(g) on August 19, 2019 to two actuary companies that conducted analyses for Plaintiffs' plans;

(h) on October 21, 2019, to two other third party claims administrators;

(i) on November 7, 2019, to two companies that enroll employers for Plaintiffs' plans;

(j) on November 26, 2019, to another company that enrolls employers for Plaintiffs' plans;

(k) on January 29, 2020, to two sister companies that collected premiums for Plaintiffs' plans; and

(l) on April 1, 2020, a second subpoena to one of the third party administrators requesting more information.

62. This paragraph is denied, except to admit that the Department issued its subpoenas pursuant to 29 U.S.C. § 1134(a)(1) which provides authority to determine whether someone "has violated or is about to violate [ERISA]."

63. This paragraph is denied, except [1] to admit that the Department initiated the Anjo Investigation while it was considering the Revised Request and pursued that investigation separate from its consideration of the Revised Request; [2] to further admit that the Department continued the Anjo investigation after January 24, 2020, in light of the Department's clear jurisdiction under ERISA to investigate the health plans and products designed and serviced by PIC, PIP, and SAS to the extent the health plans and products were for traditional employee benefit plans, [3] to further admit that information obtained regarding the "novel partnership plans" remained part of

the Anjo investigation after January 24, 2020 and that the creators of those plans were seeking to be covered by ERISA and had filed suit seeking to enforce that view; [4] to further admit the entities to which the Department issued subpoenas are involved in the design, maintenance and/or administration of health plans or products designed and serviced by PIC, PIP, and SAS, including both the "novel partnership plans" and traditional employee benefit plans unrelated to the partnerships; and [5] to further admit that during the course of the investigation, the Department has continued to receive additional referrals and complaints involving Plaintiffs and entities associated with Plaintiffs, including ten referrals from state insurance regulators dated May 23, 2019, July 25, 2019, September 25, 2019, September 26, 2019, January 23, 2020, April 30, 2020, June 12, 2020, two on June 26, 2020, and July 22, 2020, as well as one more individual complaint on October 8, 2019.

64. This paragraph characterizes the January 24, 2020 Advisory Opinion, attached as Plaintiffs' Exhibit 4, and the Court is respectfully referred thereto for the terms thereof.

65. This paragraph is denied, except to admit that the U.S. District Court for the Northern District of Texas concluded that LPMS and Data Marketing Partnership, LP were encompassed by ERISA.

66. This paragraph is denied, except to admit that the Department has pursued the Anjo Investigation to determine whether any relevant entity has violated or is about to violate ERISA; and to further admit that under the judgment of the U.S. District Court for the Northern District of Texas, it is plainly appropriate to assess whether Plaintiffs and related entities are complying with ERISA's requirements.

67. The first sentence is denied. The second sentence is denied, except to admit that Department oversight must comply with the United States Constitution and ERISA. The third

sentence is denied to the extent it implies that the Anjo Investigation is a "baseless, retaliatory fishing expedition."

68-69. Denied.

70. The first sentence is denied. With regard to the second sentence, Defendants deny that the Anjo Investigation is retaliatory and are without sufficient knowledge or information to admit or deny the remaining allegations in this sentence.

71. Defendants deny that the Anjo Investigation is "seemingly interminable." Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

72. Defendants deny that the Anjo Investigation is retaliatory or "seemingly interminable;" Defendants further aver that the Department granted extensions on the production deadlines for every subpoena issued in the Anjo Investigation, upon request of the entities that received the subpoenas. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

73. Defendants deny that the Anjo Investigation is retaliatory. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

74. Denied.

75. Defendants deny both that the Anjo Investigation is abusive and that any aspect of its investigation must be stopped by the Court.

**DOL CONTINUES TO DISREGARD ITS OWN RULES**

76. This paragraph is denied, except to admit that Executive Order 13924, Regulatory Relief to Support Economic Recovery was issued on May 19, 2020, see 85 Fed. Reg. 31353 (May 22, 2020); to further admit that Executive Order 13924 specified that it was "not intended to, and

does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person," 85 Fed. Reg. at 31356; and to further admit that Executive Order 13924 was revoked by Executive Order 14018, Revocation of Certain Presidential Actions, see 86 Fed. Reg. 11855 (Mar. 1, 2021).

77. Denied.

78. This paragraph is denied, except to admit that Paul J. Ray, Administrator for the Office of Information and Regulatory Affairs (OIRA), issued a memorandum dated August 31, 2020; and to further admit that Plaintiffs' Exhibit 6 is a true and correct copy of that memorandum.

79. This paragraph characterizes the August 31, 2020 OIRA memorandum and the Court is respectfully referred thereto for the terms thereof. Defendants deny that the Department violated any of the terms of the OIRA memorandum, and further deny that the Anjo Investigation was "retaliatory."

80-81. These paragraphs characterize the August 31, 2020 OIRA memorandum and the Court is respectfully referred thereto for the terms thereof.

82. Denied.

83-85. These paragraphs characterize the August 31, 2020 OIRA memorandum and the Court is respectfully referred thereto for the terms thereof.

86-89. Denied.

90. The first sentence is denied. The second sentence characterizes ERISA Procedure 76-1, 41 Fed. Reg. 36281 (Aug. 27, 1976), and the Court is respectfully referred thereto for the terms thereof.

91-93. Denied.

94. This paragraph is denied. Defendants specifically deny that the Department has violated its own policies or any provision of the Constitution.

### DOL REFUSES TO PROVIDE PLAINTIFFS INFORMATION ON SCOPE AND PURPOSE OF INVESTIGATION

95. This paragraph characterizes a letter from Jonathan Crumly dated November 6, 2020, attached in Plaintiffs' Exhibit 7, and the Court is respectfully referred thereto for the terms thereof.

96. This paragraph characterizes Jonathan Crumly's November 6, 2020 letter, and the Court is respectfully referred thereto for the terms thereof. To the extent this paragraph alleges facts beyond a characterization of Jonathan Crumly's November 6, 2020 letter, Defendants admit that the Department received approximately 20,000 documents comprised of over 200,000 pages in response to the subpoenas attached in Plaintiffs' Exhibit 5, including information related to the "novel partnership plans" as well as traditional employee benefit plans unrelated to the partnerships; Defendants are without sufficient knowledge or information to admit or deny the balance of the allegations.

97. This paragraph characterizes Jonathan Crumly's November 6, 2020 letter, and the Court is respectfully referred thereto for the terms thereof.

98. Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence regarding Plaintiffs' motives. The second sentence and associated bullets characterize Jonathan Crumly's November 6, 2020 letter, and the Court is respectfully referred thereto for the terms thereof.

99. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph regarding Plaintiffs' intent and mental state.

100. Denied.

101. This paragraph characterizes a letter from Katrina Liu dated December 14, 2020, attached in Plaintiffs' Exhibit 7, and the Court is respectfully referred thereto for the terms thereof.

102. Denied.

103. The first three sentences of this paragraph characterize a letter from Jonathan Crumly dated December 30, 2020, attached in Plaintiffs' Exhibit 7, and the Court is respectfully referred thereto for the terms thereof. The fourth sentence is denied.

104. Admitted.

## CAUSES OF ACTION

### COUNT I (VIOLATIONS OF THE FIRST AMENDMENT)

105. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 104 of the Complaint.

106-107. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

108-112. Denied.

113-114. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

### COUNT II (VIOLATIONS OF THE FIRST AMENDMENT – FREEDOM OF ASSOCIATION)

115. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 114 of the Complaint.

116-117. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

118-120. Denied.

121-122. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

**COUNT III (VIOLATIONS OF THE FIFTH AMENDMENT – EQUAL PROTECTION UNDER THE DUE PROCESS CLAUSE)**

123. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 122 of the Complaint.

124. This paragraph contains conclusions of law to which no answer is required.

125. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

126-130. Denied.

131-132. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

**COUNT IV (VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT ("APA"))**

133. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 132 of the Complaint.

134-136. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

137. Defendants admit that the United States Department of Labor is an "agency" as defined by the APA, 5 U.S.C. § 551(1).

138-140. Denied.

**COUNT V (VIOLATIONS OF ERISA)**

141. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 140 of the Complaint.

142-143. Denied.

144. This paragraph is denied, except to admit that the subpoenas issued in the Anjo Investigation were sent to entities involved with Plaintiffs' business relating to the partnership plans and/or traditional employee benefit plans unrelated to the partnerships.

145. Denied.

146. This paragraph is denied, except to admit that all of the subpoenas issued in connection with the Anjo Investigation were issued pursuant to ERISA, 29 U.S.C. § 1134(a)(1).

147. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, Defendants deny the allegation that the Anjo Investigation constituted "retaliation."

148. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

## PRAYER FOR RELIEF

The remaining paragraphs set forth plaintiffs' prayer for relief to which no answer is required, but insofar as an answer is deemed required, Defendants deny that plaintiffs are entitled to the relief requested or to any relief at all.

Defendants hereby deny all allegations of the Amended Complaint not otherwise specifically answered above.

Wherefore, having fully answered, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice, and awarding Defendants their costs and attorney's fees and such other relief as the Court deems just and proper.

\* \* \* \*

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the instant filing to the attorney(s) of record.

RESPECTFULLY SUBMITTED, this 21st day of May, 2021.

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| Of Counsel: |  |
|  | BRAD P. ROSENBERG<br>Assistant Director |
| ELENA S. GOLDSTEIN<br>Acting Solicitor of Labor |  |
|  | */s/ Galen N. Thorp* |
| G. WILLIAM SCOTT<br>Associate Solicitor for Plan Benefits Security | GALEN N. THORP<br>Senior Trial Counsel<br>U.S. Department of Justice |
| WAYNE R. BERRY<br>Counsel for Litigation | Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC  20530 |
| KATRINA LIU<br>Trial Attorney | Tel: (202) 514-4781 / Fax: (202) 616-8470<br>galen.thorp@usdoj.gov |
| U.S. Department of Labor | *Counsel for Defendants* |